THE TOWN OF CHELSEA v. THE TOWN OF VERSHIRE.

*Intoxicating Liquor. Towns. Jail. Pauper.*

L. was apprehended and committed to jail in Chelsea under the 22nd section of the act of 1852, to prevent traffic in intoxicating liquors, (Acts of 1852, p. 28,) as having been found intoxicated in the town of Vershire. *Held*, that the town of Chelsea could not, on being notified by the jailer that L. was confined there and in need of relief, pay his board while in jail, and then recover the amount so paid of Vershire, but that if any obligation rested on Vershire to pay for his board while in jail, under that statute, it was a liability directly to the jailer, and not mediately through the town of Chelsea.

CASE under the 22nd section of the act of 1852, entitled " an act to prevent traffic in intoxicating liquors for the purpose of drinking," Acts of 1852, p. 28. The plaintiff claimed to recover for the amount expended for the support, in the jail in Chelsea, of one Lewis, who was committed to that jail by a justice of the peace, under the section above mentioned, as having been found intoxicated in the town of Vershire, and, under the warrant of the justice of the peace, confined there until he disclosed where and of whom he procured the liquor upon which he became intoxicated.

The declaration set forth the record of the proceedings before

the justice of the peace in respect to the apprehension and commitment of Lewis for being found intoxicated in Vershire, and alleged that Lewis, refusing to disclose where he obtained the liquor, was confined in the jail in Chelsea from the 8th of April, 1858, till the 14th of July, 1858, and that on the day of the commitment of Lewis the keeper of the jail notified the overseer of the poor of Chelsea that Lewis was in that jail, and was in need of relief, whereupon the overseer provided for and supported him in such jail during the whole period of his confinement.

To this declaration the defendant pleaded the general issue, and the cause was tried by the court at the June Term, 1860, in Orange county, BARRETT, J., presiding.

The county court rendered judgment for the plaintiff for the amount expended by the overseer of the poor of Chelsea, for Lewis' support in jail. After the trial and before judgment the defendant interposed a motion in arrest of judgment, on the ground of the insufficiency of the declaration, but the court overruled the motion, to which the defendant excepted.

*C. W. Clarke*, for the defendant.

*Wm. Hebard*, for the plaintiff.

POLAND, CH. J. This case has been twice argued, but the court have not yet been able to fully agree upon the points that have been presented by the argument.

There is one view of the case, however, (which has not been taken by the counsel in argument, but which fairly arises under the defendant's motion in arrest,) which we think is decisive. And we are less unwilling to turn this case upon a point not made in argument, than we usually are, because we regard this point as one of considerable practical consequence.

The town of Chelsea claim to recover of Vershire, for supporting Lewis, while in jail, not by any contract, but by force of law ; that Lewis was found intoxicated in Vershire, arrested therefor, and, refusing to disclose, &c., was committed to jail in Chelsea, and that being unable to support himself, he was

supported by Chelsea, and that Vershire is liable to reimburse them for this support, as part of the expense of the proceedings against Lewis.

But the only case where the statute gives an action to one town against another, for support furnished to persons in need, is against the town where such person has a legal settlement. It hardly needs to be repeated, that these rights and remedies between towns, are wholly matters of statute regulation, and are not to be extended or enlarged by construction.

It has not been questioned in this case, but that the expense of supporting Lewis while in jail, was (if he was unable to support himself,) a proper part of the expense of the proceedings, for which Vershire was legally liable.

Whether a person committed to jail under such circumstances, is bound to support himself, if he has the ability to do so, the same as ordinary prisoners, or whether he is to be supported by the town where he is found intoxicated, &c., irrespective of his ability, as the plaintiff's counsel claim, we have no occasion now to decide.

If the town of Vershire were liable for the support of Lewis in jail, we think they were liable directly to the jailer, and there was no occasion for the town of Chelsea to interfere at all.

The precept upon which Lewis was committed, shows that the town of Vershire was the town to be called on, if any town was to be, for his support. By calling upon Chelsea, it could not be expected that town would actually assume the care of feeding him, as they could not remove him to the poor house, or any other place for support, as he must remain in jail.

All they could do, would be to pay the jailer for boarding him, and this could just as readily be done by the town made liable by law. In ordinary cases of needy persons in jail, the jailer is to call on the overseer of the town where the jail is situated, because he has no means of knowing what town is his place of settlement, and the statute throws the duty of ascertaining that fact upon the town, and gives them a remedy over against the place of settlement. Here the process itself shows what town, if any, is to be called on, and as the statute has

provided for no right or remedies between towns in such cases, we think it must have been intended that the liability should be direct to the person by whom the expense was incurred.

We are of opinion, therefore, that the plaintiff's declaration shows no legal right of action against the defendant.

The judgment of the county court is therefore reversed, and the judgment arrested.